## Minersville v. Evans et al.

*H. O. Bechtel,* for petitioner.
*M. M. Burke* and *Penrose Hertzler,* contra.

PALMER, J., February 25, 1935.—On October 8, 1934, Alvin E. Maurer, receiver of taxes for the Borough of Minersville, presented a petition to this court praying for the issuance of a rule upon W. J. Evans, prothonotary of Schuylkill County, and The Philadelphia & Reading Coal & Iron Company to show cause why the prothonotary should not return to the aforesaid corporation the sum of $19,666.21 which had been paid to him by the said company.

The rule prayed for in the petition was issued on the same day and an answer thereto was filed in due time by The Philadelphia & Reading Coal & Iron Company to the allegations contained in the petition. The prothonotary filed no answer. By paragraph four of its answer the defendant company admitted that it was the owner and holder of real estate situate in the Borough of Minersville.

In paragraph five of the answer, the company admits that taxes were levied and assessed and tax rates fixed in said borough against it for 1934.

Paragraph eight of the petition alleges "that under and by virtue of said levy and assessment, there was due from The Philadelphia & Reading Coal & Iron Company to the Borough of Minersville the sum of $7,253.06." Paragraphs 9, 10, and 11 of the same petition allege that the sum of $14,867.56 was due the School District of Minersville, and the sum of $1,145.21 due the Poor District of Schuylkill County, aggregating $23,265.83, which aggregate sum is admitted in paragraph 11 of the company's answer.

The record shows that The Philadelphia & Reading Coal & Iron Company appealed from the decision of the county commissioners, acting as a board of revision, which decision had fixed the assessment and valuation of its property in the said Borough of Minersville, the appeal being numbered in the dockets of the prothonotary, no. 166-A, July term, 1934.

No taxes levied on this assessment and valuation were paid to the tax receiver.

On October 1, 1934, the company paid to the prothonotary the sum of $19,666.21, being $3,599.62 less than the amount of taxes due the borough, the school district, and the Schuylkill County Poor District, under the assessment fixed by the decision of the board of revision.

In the answer of the company filed in this case, it is alleged that it tendered the amount of $19,666.21 to the tax receiver, which he refused to accept either as part payment or payment in full.

Depositions were taken in support of this particular allegation, and these disclose that the tax receiver agreed to accept this amount on account, but refused to issue his receipt in full to the company for taxes alleged to be due for the year 1934.

The contention of the petitioner is that, The Philadelphia & Reading Coal & Iron Company having failed to

pay to the prothonotary the sum of $23,265.83, the prothonotary was without authority given to him by law to accept part payment, and consequently the payment made did not comply with the provisions of section 518 of the Act of May 22, 1933, P. L. 853.

This section permits one who may feel aggrieved by the assessment fixed by the county commissioners acting as a board of revision to appeal to the court of common pleas of the county within which the property is situated, and provides after the taking of such appeal the following: ｌ

"Provided, however, That the appeal shall not prevent the collection of the taxes complained of, but in case the same shall be reduced, then the excess shall be returned to the person or persons who shall have paid the same: And provided further, That the appellant may pay the amount of the tax alleged to be due by reason of the assessment appealed from into the court to which such appeal is taken, whereupon said court shall allocate and pay over to the proper authorities such amount of said tax as shall appear to said court to be reasonably free from dispute, and the remainder of the amount paid in shall be held by the court pending the final disposition of the appeal."

It is apparent, under this section, that only the paying of the amount of the tax alleged to be due by reason of the assessment appealed from would prevent the collection of the taxes. If the legislature had intended to permit, in such cases, a payment into court of a fractional part of the amount alleged to be due, it would have so provided. If this be not the correct construction of the act, the defendant company might have paid $1 on account to the prothonotary, and abided time for the making of future payment.

The amount to be paid into court was precisely and definitely fixed by the act.

The Act of April 22, 1931, P. L. 42, sec. 21, provides as follows:

"If any person, copartnership, association, or corporation shall neglect or refuse to make payment of the amount due by him or it for such tax within thirty days from the time of demand so made, it shall be the duty of the collector aforesaid to levy such amount by distress and sale of the goods and chattels of such delinquent, giving ten days public notice of such sale, by written or printed advertisements".

Under this act not only is it the legal right but the legal duty of the tax collector to levy and distrain the goods and chattels of a delinquent.

We are of the opinion that we do not have in the instant proceeding, however, the right to require the prothonotary to return the amount paid in by the defendant.

And now, February 25, 1935, the rule is discharged.